UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ILYA PEKAR,

                                Plaintiff,

                 -against-       **COMPLAINT**

THE CITY OF NEW YORK, P.O. CHARLES GUMBS, JR., Shield No. 01456 Individually and in his Official Capacity,

      **JURY TRIAL DEMANDED**

      **ECF CASE 14 CV 1657**
      **JUDGE CARTER**

                                Defendants.
-----------------------------------------------------------------X

        Plaintiff ILYA PEKAR, by his attorneys, SCOTT A. WOLINETZ, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ILYA PEKAR has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendant P.O. CHARLES GUMBS was a duly sworn police officer of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendant, either personally or through his employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendant alleged herein were done by said defendant while acting within the scope of his employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of his employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about May 10, 2013, at approximately 4:10 pm, plaintiff ILYA PEKAR was lawfully present in the vicinity of White Street and Church Street new York, New York.

14. At the aforesaid time and place, plaintiff ILYA PEKAR, while operating a motor vehicle ion the course of his employment encountered traffic agent Defendant GUMBS in the intersection as described above.

15. Despite the fact that there was no evidence of criminal activity, defendant ran after Plaintiff's vehicle and smashed the rear of his SUV. Defendant GUMBS then falsely accused Plaintiff of running over his foot and/or otherwise striking him with his vehicle along with leaving the scene.

16. Plaintiff was charged with Reckless Endangerment in the Second Degree; Obstructing Governmental Administration in the Second Degree; and Leaving the Scene of an Incident without reporting, with Personal Injury.

17. At no time on March 10, 2013, did plaintiff ILYA PEKAR strike Defendant GUMBS with his vehicle nor did he leave the scene.

18. At no time on or about March 10, 2013 did defendants possess probable cause to arrest plaintiff.

19. At no time on March 10, 2013, did defendant officers possess information that would lead a reasonable officer to believe plaintiff ILYA PEKAR had engaged in any criminal or unlawful activity whatsoever.

20. In connection with plaintiff's arrest, defendants filed false and misleading information to the District Attorneys Office stating in sum and substance that plaintiff flailed struck him with his vehicle and that he left the scene.

21. As a result of his unlawful arrest, plaintiff ILYA PEKAR spent approximately twenty nine (29) hours in custody. In addition he lost his job as a driver for a company called Uber.

22. As a result of the foregoing, plaintiff ILYA PEKAR sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights along with a loss in significant wages.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff ILYA PEKAR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" as if the same were more fully set forth at length herein.

33. Defendants created false evidence against plaintiff ILYA PEKAR.

34. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

35. Defendants misled the prosecutors by creating false evidence against plaintiff ILYA PEKAR and thereafter providing false testimony throughout the criminal proceedings. Specifically, defendants falsely alleged plaintiff was spitting on public sidewalks, that he attempted to assault them, obstruct them from any *lawful* duties, or resisted a lawful arrest in any way.

36. In creating false evidence against plaintiff ILYA PEKAR, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.  The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

42.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

43.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

44.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

45.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

46.  Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

47. The acts complained of deprived plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

48. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       February 5, 2014

BY: _____
SCOTT WOLINETZ
SCOTT A. WOLINETZ, P.C.
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 962-1133
Scott@ScottWolinetz.com